IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MILES LEISMAN,<br>NORTHSTAR MEDICAL LLC,<br>PATRICK CRAMER,<br>FLOYD SCHMIDT,<br><br>    Plaintiffs,<br><br>v.<br><br>ARCHWAY MEDICAL, INC.,<br><br>    Defendant. | Cause No.: 4:14-cv-01222-RLW |

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs J. Miles Leisman ("Leisman"), Patrick Cramer ("Cramer"), Floyd Schmidt ("Schmidt"), and NorthStar Medical LLC (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, and for their First Amended Complaint against Defendant Archway Medical, Inc. (hereinafter "Archway"), state as follows:

## THE PARTIES

1.  Plaintiff J. Miles Leisman (hereinafter "Leisman") is a Missouri resident.

2.  Plaintiff NorthStar Medical LLC (hereinafter "NorthStar") is a Missouri Limited Liability Company owned and operated by Leisman.

3.  Plaintiff Patrick Cramer (hereinafter "Cramer") is an Iowa resident.

4.  Plaintiff Floyd Schmidt (hereinafter "Schmidt") is a Kansas resident.

5.  Defendant Archway Medical, Inc. (hereinafter "Archway") is an Illinois Corporation with its principal place of business in Columbia, Illinois.

6.  Archway is engaged in the business of selling surgical implants to medical providers in both Illinois and Missouri.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between all parties and the matter in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. § 1391(b)(2), as Plaintiff Leisman resides within this judicial district, and as such, a substantial part of the events giving rise to the claims contained herein occurred within this district.

## FACTUAL BACKGROUND

9. Between May 18, 2007 and June 8, 2007, each Plaintiff and Archway entered into a Consulting Agreement ("Agreement") for purposes of setting forth terms for providing sales services related to Archway's contracted lines of sale.

10. Pursuant to the Agreement, Plaintiffs were designated as independent contractors compensated through sales commission, including "50% commission of the net profit of each contracted line, i.e., Tornier is a 20% line, Consultant shall receive 10% commission minus any expenses that reduce the net profit numbers."

11. Plaintiffs sold, among other items, Tornier products to medical providers located in both Missouri and Illinois.

12. In or about January 2010 and during the course of the Agreement, Tornier changed its contracted commission rate structures paid to Archway.

13. In or about June 2010 and during the course of the Agreement, the contracted commission rate for Tornier products changed again to be more consistent with the original structure.

14. Tornier notified Archway of the commission restructuring and began paying commissions at higher rates for certain lines of product. In particular, the arthroplasty line rate

2

increased. Despite the increase in sales commission rate paid to Archway, Archway failed to pay Plaintiffs at the contractually agreed upon commission rate. Archway did not inform Plaintiffs of its failure to apply the commission increase to those lines from which Plaintiffs received payment.

15. In approximately December 2013, Plaintiffs learned of the increased commission rate Archway received through Tornier through a third party. Plaintiffs learned Tornier was paying Archway a higher commission for the arthroplasty line through a third party.

16. All Plaintiffs ended their relationship with and stopped selling the Tornier line for Archway.

17. No Plaintiffs received due commission payments within thirty (30) days after terminating their relationship with Archway.

18. Plaintiffs are properly joined under FED. R. CIV. P. 20(a)(1), as the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences and there is a question of law or fact common to all Plaintiffs specific to Defendants' conduct.

### COUNT I: SECTION 407.913, RSMO
### (MISSOURI COMMISSION SALES ACT VIOLATIONS)

19. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

20. Plaintiffs' compensation from Archway was based upon sales commissions.

21. Plaintiffs and Archway entered an Agreement, whereby Archway agreed to pay Plaintiffs commissions based on a designated percentage of money collected on sales. Pursuant to the Agreement, Archway agreed to pay Plaintiffs a fifty percent (50%) commission on the net profit of each contracted line derived from Plaintiffs' sales.

22. Plaintiffs are entitled to the contractually agreed-upon rate based on the increased commission rate from the manufacturer.

3

23. Plaintiffs have not been paid the increased commission rate from June 2010 through the termination of the Agreement.

24. While employed by Archway, Plaintiffs were "sales representatives" within the meaning of § 407.911, RSMo.

25. Archway is a "principal" within the meaning of § 407.911, RSMo.

26. The relationship between Plaintiffs and Archway ended in or about January 2013. Therefore, pursuant to § 407.912 RSMo., the contractually agreed-upon rate based on the increased commission rate from the manufacturer owed to Plaintiffs should have been paid when due, but was not paid by Archway.

27. Archway failed to timely pay the contractually agreed-upon rate based on the increased commission rate from the manufacturer, and as a result, Archway violated § 407.913, RSMo.

28. As a result of Archway's failure to pay commissions owed to Plaintiffs, and its decision to withhold these commissions from Plaintiffs, Archway violated, and continues to violate, Missouri law.

29. As a result of said statutory violation, Plaintiffs sustained damages and will continue to sustain damages. Plaintiffs are entitled not only to their unpaid commissions, but also an additional amount as if they were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment, which has not yet occurred.

30. Further, as a result of Archway's violation of § 407.913, RSMo, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs demand judgment against Archway and pray for: (1) all of their earned but unpaid commissions, in amounts to be determined at trial; (2) an additional amount to

be determined at trial as if they were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment; (3) reasonable attorneys' fees, costs, and expenses incurred; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as the Court deems fair and equitable.

### COUNT II: SECTION 820 ILCS 120/3
### (ILLINOIS SALES REPRESENTATIVES ACT VIOLATIONS)

31. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

32. Plaintiffs' compensation from Archway was based upon commissions.

33. Plaintiffs and Archway entered an express Agreement whereby Archway agreed to pay Plaintiffs commissions based on a designated percentage of the amount of money collected on sales made by Plaintiffs. Pursuant to the Agreement, Archway agreed to pay Plaintiffs a fifty percent (50%) commission on all of the net profit of each contracted line derived from Plaintiffs' sales.

34. Plaintiffs are entitled to the contractually agreed-upon rate based on the increased commission rate from the manufacturer.

35. Plaintiffs have not been paid the increased commission rate from June 2010 through the termination of the Agreement.

36. While employed by Archway, Plaintiffs were "sales representatives" within the meaning of § 820 ILCS 120/1.

37. Archway is a "principal" within the meaning of § 820 ILCS 120/1.

38. The relationship between Plaintiffs and Archway ended in or about January 2013. Therefore, pursuant to § 820 ILCS 120/2, the contractually agreed-upon rate based on the increased

commission rate from the manufacturer owed to Plaintiffs should have been paid when due, but was not paid by Archway.

39. Archway failed to timely pay the contractually agreed-upon rate based on the increased commission rate from the manufacturer, and as a result, Archway violated § 820 ILCS 120/3.

40. As a result of Archway's failure to pay the commissions owed to Plaintiffs, and its decision to withhold these commissions to Plaintiffs, Archway violated, and continues to violate, Illinois law.

41. As a result of said statutory violations, Plaintiffs sustained damages and will continue to sustain damages. Plaintiffs are entitled not only to their unpaid commissions, but also an additional amount for exemplary damages in an amount not exceeding three (3) times the amount of the commissions owed to Plaintiffs.

42. Further, as a result of Archway's violation of § 820 ILCS 120/3, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs demand judgment against Archway and pray for: (1) all of their earned but unpaid commissions, in amounts to be determined at trial; (2) an additional amount to be determined at trial for exemplary damages in an amount not exceeding three times the amount of the commissions owed to Plaintiffs; (3) attorneys' fees, costs, and expenses; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as the Court deems fair and equitable.

Case: 4:14-cv-01222-RLW Doc. #: 11 Filed: 08/28/14 Page: 6 of 11 PageID #: 949

## COUNT III: BREACH OF CONTRACT

43. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

44. Archway entered into the Agreement with Plaintiffs, whereby Archway agreed to pay Plaintiffs commissions at a certain rate for providing sales services related to Archway's contracted lines of sale.

45. Archway breached and violated the Agreement by failing to pay Plaintiffs their commissions. Specifically, Plaintiffs earned commissions based upon the arthroplasty line rate increase, but Archway failed to pay said commissions to Plaintiffs.

46. Archway breached and continues to breach and violate the Agreement by failing to pay Plaintiffs commissions earned from sales prior to termination of the relationship with Archway. Archway's breach of the Agreement was willful and not the result of mistake or inadvertence.

47. As a direct result of Archway's unlawful conduct, Plaintiffs suffered a loss of these commissions.

48. Prior to Archway's breach and violation of the Agreement, Plaintiffs performed their duties under the Agreement.

49. As a direct result of Archway's violation and breach of the Agreement, Plaintiffs have been damaged.

50. Plaintiffs are entitled to damages equal to all unpaid commissions.

51. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiffs demand judgment against Archway and pray for: (1) all of their earned but unpaid commissions; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other and further relief as the Court deems fair and equitable.

## COUNT IV - QUANTUM MERUIT

52. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

53. Plaintiffs conferred a benefit upon Archway by working for Archway without receiving the commissions they were promised and due.

54. Archway had an appreciation or knowledge of the benefit conferred by Plaintiffs.

55. Archway accepted and retained the benefit provided by Plaintiffs under such circumstances so as to make it inequitable for Archway to retain the benefit without payment of its value.

56. As a direct result of Archway's failure to pay Plaintiffs their due commissions, Plaintiffs have been damaged.

57. Plaintiffs are entitled to damages equal to all of their unpaid commissions.

58. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE Plaintiffs demand judgment against Archway and pray for: (1) all earned but unpaid commissions; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other and further relief as the Court deems fair and equitable.

Case 4:14-cv-01222-RLW Doc. #: 11 Filed: 08/28/14 Page: 8 of 11 PageID #: 96

## COUNT V - PROMISSORY ESTOPPEL

59. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

60. Archway reasonably expected to induce Plaintiffs, and did induce Plaintiffs, to rely upon Archway's promises relating to the payment of sales commissions.

61. Plaintiffs reasonably relied upon Archway's promises by working for Archway with the expectation of full payment for services rendered.

62. Plaintiffs relied on Archway's promise to fully compensate them for all commissions to their detriment.

63. Archway refused to honor its promises made to Plaintiffs by failing to pay them their due commissions. Archway's refusal was willful and not the result of mistake or inadvertence.

64. As a direct result of Archway's unlawful conduct, Plaintiffs suffered a loss of commissions.

65. As a direct result of Archway's failure to pay Plaintiffs their due commissions, Plaintiffs have been damaged.

66. Plaintiffs are entitled to damages equal to all unpaid commissions.

67. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiffs demand judgment against Archway and pray for: (1) earned but unpaid commissions; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other and further relief as the Court deems fair and equitable.

## COUNT VI - UNJUST ENRICHMENT

68. Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

69. By failing to provide Plaintiffs with their due commissions, Archway obtained substantial benefits and has been unjustly enriched. Archway's conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Archway to retain the benefits received.

70. As a direct result of Archway's unlawful conduct, Plaintiffs suffered a loss of commissions.

71. Plaintiffs are entitled to damages equal to all of their unpaid commissions.

72. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiffs demand judgment against Archway and pray for: (1) all of their earned but unpaid commissions; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other and further relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

_____*/s/ Kevin J. Dolley*_____
Kevin J. Dolley, #54132MO
Jonathan Skrabacz, #66233MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
jonathan@dolleylaw.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served upon the attorneys of record for Defendant by electronic filing on August 11, 2014 through the Court's electronic case filing system.

_____*/s/ Kevin J. Dolley*_____

11