UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MILES LEISMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:14CV1222 RLW |
| | ) |
| ARCHWAY MEDICAL, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts I, IV, V, and VI of Plaintiff's Petition.[1] The motion is fully briefed and ready for disposition.

### Background

Plaintiffs J. Miles Leisman, Northstar Medical, LLC, Patrick Cramer, and Floyd Schmidt filed a First Amended Complaint in federal court on August 28, 2014, after Defendant Archway Medical, Inc. ("Archway") removed the original Petition from the Circuit Court for the City of St. Louis, Missouri. (First Am. Compl., ECF No. 14; Notice of Removal, ECF No. 1) Plaintiffs claim that Archway failed to pay them commissions on sales pursuant to a Consulting Agreement between the parties. (First Am. Compl. ¶¶ 9-14, ECF No. 14) Specifically, Plaintiffs sold Tornier products to medical providers in both Missouri and Illinois. (*Id.* at ¶ 11) Plaintiffs were supposed to be paid commissions based on the manufacturer's contracted percentage commission rate. (*Id.* at ¶¶ 10, 12-13) However, after Tornier increased the sales commission

---

[1] On August 28, 2014, Plaintiffs filed a First Amended Complaint which joined two additional Plaintiffs. However, the counts and allegations contained therein remained the same as the original Petition such that the Amended Complaint did not moot the motion to dismiss. Defendant filed a Reply Memorandum in Support of its Motion to Dismiss, referencing the Amended Complaint. Thus, the Court construes the Motion to Dismiss as addressing the First Amended Complaint.

rate paid to Defendant Archway, Plaintiffs allege that Archway failed to pay Plaintiffs at the contractually agreed upon commission rate. (*Id.* at ¶ 14)

Plaintiffs filed a six-count First Amended Complaint, alleging violations of the Missouri Commission Sales Act (Count I); violations of the Illinois Sales Representatives Act (Count II); Breach of Contract (Count III); Quantum Meruit (Count IV); Promissory Estoppel (Count V); and Unjust Enrichment (Count VI). On July 14, 2014, Defendant filed a Motion to Dismiss Counts I, IV, V, and VI under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs filed their Response in Opposition on July 24, 2014, and Defendant filed a Reply Memorandum on September 8, 2014.

## Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as

2

true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## Discussion

Upon review of the Defendant's Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not warranted. Defendant first argues that Plaintiffs' claim under the Missouri Commission Sales Act ("MCSA") should be dismissed because the Consultant Agreement states that Illinois law controls. Thus, Defendant reasons that Plaintiffs may bring a claim only under the Illinois Sales Representative Act ("IRSA"). Defendant asks this Court to perform a choice of law analysis under Missouri law and then conclude that Illinois law applies. Plaintiffs, on the other hand, contend that Defendant's motion is premature because the factual details required to perform a choice of law analysis are not yet in the record. The undersigned finds that a choice of law analysis is not appropriate at this stage of the litigation.

The parties agree that this Court must apply Missouri choice of law principles. *See Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13-CV-1569 CAS, 2014 WL 897368, at *9 (E.D. Mo. March 6, 2014) ("[F]ederal courts sitting in diversity apply the forum state's choice of law principles."). "Missouri courts generally recognize that parties may choose the state whose law will govern the interpretation of their contractual rights and duties. . . . Missouri courts will honor the parties' choice of law provision if the application of the law is not contrary to a

3

fundamental policy of Missouri." *Davidson & Assoc., Inc. v. Internet Gateway, Inc.*, 334 F. Supp. 2d 1164, 1175 (E.D. Mo. 2004) (internal and external citations omitted). Before reaching the conclusion that a choice of law determination is required, the Court must determine whether the Missouri and Illinois laws differ with respect to Plaintiffs' claims. *See Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012) (stating that the first step in a choice of law analysis "requires examination of whether the different states' laws actually present a conflict").

For claims concerning payment of commissions, Missouri allows "actual damages sustained by the sales representative and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment," as well as attorney's fees and costs to the prevailing party. Mo. Rev. Stat. § 407.913. The Illinois law allows exemplary damages not to exceed three times the amount of commissions owed to the sales representative, along with reasonable attorney's fees and court costs. 820 ILCS 120/3. Because the two Acts conflict with regard to the measure of damages, the Court should perform a choice of law analysis.

Here, § 187 of the Restatement (Second) of Conflict of Laws (1971) governs the validity of a choice of law provision in a contract. That section provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties, will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> >
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than

4

> the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (1971).

Plaintiffs claim that the Court may not consider the Consultant Agreements without converting the motion to dismiss to one for summary judgment because the Agreements are outside the pleadings. However, Plaintiffs rely upon those Agreements and the language contained therein to support their contentions that Defendant violated the Sales Acts of both Missouri and Illinois, as well as breached those Agreements. "Documents that are necessarily embraced by the pleadings are not 'matters outside the pleadings' for purposes of Rule 12(d)." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 876 (E.D. Mo. 2013). "A court need not convert a Rule 12(b)(6) motion to dismiss into on[e] for summary judgment under Rule 12(d) if the matters presented are incorporated by reference, are integral to the claim, or are exhibits whose authenticity is unquestioned." *Id.* (citations omitted). In this case, the Agreements are integral to Plaintiffs' claims and are therefore necessarily embraced by the pleadings. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (holding that the Agreement upon which plaintiff's breach of contract claim rested was embraced by the amended complaint, and the lower court's reliance on the Agreement did not convert the motion to dismiss to a motion for summary judgment).

Although the Consulting Agreements specify that Illinois law will control, Plaintiffs argue that the Illinois choice of law contained in the contract is against Missouri public policy because Chapter 407 of the Missouri Revised Statutes represents a fundamental policy of the State of Missouri. *See Electrical and Magneto Serv. Co. Inc. v. AMBAC Int'l*, 941 F.2d 660, 663 (8th Cir. 1992) (abrogated on other grounds by *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189 (8th

Cir. 1992)) (finding that Chapter 407 is paternalistic legislation that is fundamental policy); *Lift Truck Lease and Serv., Inc. v. Nissan Forklift Corp., North America*, No. 4:12-CV-153 CAS, 2013 WL 3092115, at *3-*4 (E.D. Mo. June 18, 2013) (same). In light of Plaintiff's public policy argument and the fact-intensive nature of a choice of law analysis, the Court finds that such analysis is better suited for a motion for summary judgment. *See Broin & Assoc., Inc. v. Genecor Int'l, Inc.*, 232 F.R.D. 335, 339 (D.S.D. 2005) (declining to decide whether the choice of law provision applied where facts had not been adequately presented at that stage of the litigation).

Defendant also contends that Plaintiffs' claims for equitable relief must be dismissed because Plaintiffs cannot obtain equitable relief when they admittedly entered into an express contract and because the claims are defective in that they fail to plead essential elements. Plaintiffs respond that they have pleaded alternate theories of recover, which is allowable under Fed. R. Civ. P. 8(d)(2). The Court agrees that a party may assert alternative claims for breach of an express contract and equitable relief. *Guarantee Elec. Constr. Co. v. LVC Tech., Inc.*, No. 4:05CV8949 JCH, 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006).

Further, the Court finds that whether a party may plead in the alternative is procedural in nature, and thus the Court will apply the law of the forum state. *See Superior Edge, Inc. v. Monsanto Co.*, Civil No. 12-2672 (JRT/FLN), 2014 WL 4414764, at *6 (D. Minn. Sept. 8, 2014) ("[T]he Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alterative relief . . ."); *Sargent v. Justin Time Transp., L.L.C.*, No. 4:09CV596 HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) ("Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e)."). Missouri law does not allow recovery under both an express contract and equitable theories of relief. *Level 3 Commc'ns, LLC v.*

*Illinois Bell Tel.Co.*, No. 4:14-CV-1080 (CEJ), 2014 WL 414908, at *6 (E.D. Mo. Feb. 4, 2014) (citation omitted). However, a plaintiff may plead alternative claims for relief in the complaint. *Id.*; *see also Superior Edge,* 2014 WL 4414764, at *6 (citations omitted) ("In reliance upon the Rule 8, federal courts in Missouri have consistently denied motions to dismiss quasi-contract claims even where the pleading also alleges the existence of an express contract."); *Guarantee Elec. Constr. Co.,* 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006) ("Because a party may set forth two or more claims alternatively when it does not know upon which precise theory the evidence may entitle recovery, it is settled law that joining a count based on an expressed contract with a count based on quantum meruit does not create an inconsistency."). Thus, the Court will allow Plaintiffs' alternative pleadings.

In addition, the undersigned finds that Plaintiffs have stated claims under equitable theories that are plausible on their face. With regard to quantum meruit, the essential elements are: "(1) a benefit conferred upon defendant by plaintiff; (2) appreciation by defendant of the fact of such benefit; and (3) acceptance and retention by defendant without payment." *Guarantee Elec.,* 2006 WL 950204 at *2; *see also Ogdon v. Hoyt,* 409 F. Supp. 2d 982, 990 (N.D. Ill. 2006) ("The elements of quantum meruit are that: (1) the plaintiff rendered services; (2) the defendant received the benefit of those services; and (3) the defendant's retention of those services without giving compensation in exchange would be unjust."). Here, Plaintiffs claim that they conferred a benefit upon Defendant by performing work; Defendant accepted and retained the benefit; and Defendant failed to pay the promised commissions. Thus, the Court finds that Plaintiffs have stated a sufficient claim for recovery under the theory of quantum meruit. *Guarantee Elec.,* 2006 WL 950204 at *2.

Similarly, Plaintiffs claims for promissory estoppel and unjust enrichment are sufficient to survive Defendant's motion to dismiss. Promissory estoppel requires an unambiguous promise made by defendant to plaintiff; plaintiff's reliance on the promise; reliance that was expected and foreseeable by defendant; and plaintiff's reliance to his detriment. *Ogdon*, 409 F. Supp. 2d at 989; *see also 1861 Group, L.L.C. v. Wild Oats Mkts., Inc.*, 728 F. Supp. 2d 1052, 1059 (E.D. Mo. 2010) ("To prevail on a promissory estoppel claim under Missouri law, a party must establish the following four elements: (1) a promise; (2) on which plaintiff relied to its detriment; (3) in a way the promisor expected or should have expected; and (4) the reliance resulted in an injustice which can be cured only by enforcement of the promise."). Plaintiffs here contend that Defendant expected to and did induce Plaintiffs to rely on promises pertaining to the payment of sales commissions and that Plaintiff's relied on these promises to their detriment.

Furthermore, the required elements for unjust enrichment are: (1) that the plaintiff "conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Burks v. Bi-State Dev. Agency of Mo. –Ill. Metro. Dist.*, No. 4:09CV1302 MLM, 2010 WL 2681356, at *5 (E.D. Mo. July 2, 2010) (internal quotation and citations omitted); *Williams v. Nat'l Housing Exch., Inc.*, 949 F. Supp. 650, 652 (N.D. Ill. 1996) (stating that a claim for unjust enrichment in Illinois requires allegations that the defendant unjustly retained a benefit to the plaintiff's detriment, and the defendant's retention of the benefit violated fundamental principles of justice, equity, and good conscience). In the instant case, Plaintiffs assert that Defendant obtained benefits from Plaintiffs, yet failed to provide Plaintiffs their due commission, instead inequitably retaining the benefits.

In short, the Court finds that Plaintiffs have stated a claim for equitable relief on the face of the pleadings, such that dismissal is not warranted at this time. Plaintiffs have alleged enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Twombly*, 550 U.S. at 556. Thus, the Court will deny Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts I, IV, V, and VI of Plaintiffs' Petition (ECF No. 7) is **DENIED**.

Dated this 8th Day of October, 2014.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE