UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MILES LEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14CV1222 RLW |
| ) | |
| ARCHWAY MEDICAL, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses and Production of Documents (ECF No. 34) and Defendant's Motions for Protective Order Concerning Deposition of Corporate Representative (ECF No. 36) and for Protective Order Concerning Plaintiffs' Written Discovery (ECF No. 38). The motions are fully briefed and ready for disposition. Upon consideration of the motions and related memoranda, the Court will deny Plaintiffs' motion to compel and grant Defendant's motions for protective order.

### **Background**

Plaintiffs J. Miles Leisman, Northstar Medical, LLC, Patrick Cramer, and Floyd Schmidt filed a First Amended Complaint in federal court on August 28, 2014, after Defendant Archway Medical, Inc. ("Archway") removed the original Petition from the Circuit Court for the City of St. Louis, Missouri. (First Am. Compl. ("FAC"), ECF No. 14; Notice of Removal, ECF No. 1) Plaintiffs claim that Archway failed to pay them commissions on sales pursuant to a Consulting Agreement between the parties. (FAC ¶¶ 9-14, ECF No. 14) Specifically, Plaintiffs sold Tornier products to medical providers in both Missouri and Illinois. (*Id.* at ¶ 11) Plaintiffs were supposed to be paid commissions based on the manufacturer's contracted percentage

commission rate. (*Id.* at ¶¶ 10, 12-13) However, after Tornier increased the sales commission rate paid to Defendant Archwayon its arthroplasty line, Plaintiffs allege that Archway failed to pay Plaintiffs at the contractually agreed upon commission rate. (*Id.* at ¶ 14)

Plaintiffs filed a six-count First Amended Complaint, alleging violations of the Missouri Commission Sales Act (Count I); violations of the Illinois Sales Representatives Act (Count II); Breach of Contract (Count III); Quantum Meruit (Count IV); Promissory Estoppel (Count V); and Unjust Enrichment (Count VI). On July 27, 2015, Plaintiffs filed a motion to compel discovery responses, seeking answers to interrogatories, production of documents, and deposition testimony pertaining to the determination of commissions and expenses for all lines of product sales beginning in May, 2007. Defendant seeks protective orders, claiming that the discovery requests and deposition topics are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to the dates and the Tornier product line alleged in the First Amended Complaint.

## **Discussion**

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

However, under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to

2

decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, MO*, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c). *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926.

Here, the Court finds that Defendant has established good cause for a protective order. The First Amended Complaint pertains to the Tornier arthroplasty line and changes in commission rates beginning in 2010. (FAC ¶¶ 11-17, ECF No. 14) The complaint alleges that Tornier arthroplasty line, not other manufacturers or lines, changed its contracted commission rates, and Defendant allegedly failed to pay Plaintiffs the commission increase. (*Id.* at ¶¶ 14, 15, 45) The facts contained in the complaint do not indicate any other specific manufacturers or lines, nor do they pertain to any dates preceding 2010. Indeed, the counts alleging violations of Missouri and Illinois law specify that "Plaintiffs have not been paid the increased commission rate from June 2010 through the termination of the Agreement." (*Id.* at ¶¶ 23, 35)

Despite the factual allegations in the complaint, Plaintiffs request the method and amount of commission payments from May 18, 2007 to January 26, 2014 pertaining to all lines of product sales (Interrogatory Nos. 3 and 16), as well as payments by all medical device manufacturers (Interrogatory No. 7) and changes to the Consulting Agreements (Interrogatory No. 17). Plaintiffs' request for production of documents seek documents reflecting

3

compensation paid to Plaintiffs by Defendant between 2007 and 2014 and contracts between Defendant and all manufacturers of product lines which Defendant contracted with Plaintiffs to sell (Request Nos. 16 and 17). Likewise, the scope of deposition topics includes all product lines, all manufacturers, and time periods before 2010.

As stated above, review of the First Amended Complaint shows no factual allegations to substantiate Plaintiffs' claims that the complaint pertains to any other manufacturers besides Tornier, any lines besides the arthroplasty line, or any time period prior to 2010. *See Heller v. HRB Tax Grp., Inc.*, 287 F.R.D. 483, 485-86 (E.D. Mo. 2012) (granting defendant's motion for protective order where the deposition topics were beyond the scope of the allegations in the complaint). As in *Heller*, Plaintiffs are limited to those allegations specifically pled in the complaint. The exploration through discovery of topics beyond those allegations is overbroad, unduly burdensome, and constitutes a fishing expedition by Plaintiffs to develop new claims. *See* Advisory Committee's Notes to the 2000 Amendments to Fed. R. Civ. P. 26(b)(1) (the court "has the authority to confine discovery to the claims and defenses asserted in the pleadings" and the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"). Therefore, the Court will grant Defendant's motions for protective order and limit the discovery to the Tornier arthroplasty line from 2010 forward. Likewise, the Court will deny Plaintiffs' motion to compel discovery related to non-Tornier products. To the extent that Plaintiffs believe Defendant continues to be nonresponsive to discovery requests within the parameters of the protective order, Plaintiffs may file a renewed motion to compel after the parties meet and confer to try to resolve their discovery disputes.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order Concerning Deposition of Corporate Representative (ECF No. 36) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order Concerning Plaintiffs' Written Discovery (ECF No. 38) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Discovery Responses and Production of Documents (ECF No. 34) is **DENIED** without prejudice.

Dated this 19th day of August, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**