UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MILES LEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14CV1222 RLW |
| ) | |
| ARCHWAY MEDICAL, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 46). The motion is fully briefed and ready for disposition.

Plaintiffs filed this action in state court on June 9, 2014, alleging violations of the Missouri Commissions Sales Act, Mo. Rev. Stat. § 407.913 and the Illinois Sales Representatives Act, § 820 ILCS 120/3, as well as breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. (Pet., ECF No. 4) Plaintiffs filed a First Amended Complaint on August 28, 2014, adding two new Plaintiffs. (First Am. Compl., ECF No. 14) Plaintiffs claim that Archway failed to pay them commissions on sales pursuant to a Consulting Agreement between the parties. (*Id.* at ¶¶ 9-14, ECF No. 14) Specifically, Plaintiffs sold Tornier products to medical providers in both Missouri and Illinois. (*Id.* at ¶ 11) Plaintiffs were supposed to be paid commissions based on the manufacturer's contracted percentage commission rate. (*Id.* at ¶¶ 10, 12-13) However, after Tornier increased the sales commission rate paid to Defendant Archway on its arthroplasty line, Plaintiffs allege that Archway failed to pay Plaintiffs the contractually agreed upon commission rate. (*Id.* at ¶ 14)

The Court entered a Case Management Order ("CMO") on November 13, 2014, setting the deadline for amendment of pleadings as April 17, 2015. Thereafter, Defendant filed a Motion for Protective Order in response to Plaintiffs' Motion to Compel, claiming that the discovery requests and deposition topics were overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they were not limited to the dates and the Tornier product line alleged in the First Amended Complaint. The Court agreed and issued a Protective Order, finding that the "First Amended Complaint pertains to the Tornier arthroplasty line and changes in commission rates beginning in 2010" and not to other manufacturers or lines, or to dates preceding 2010. (Mem. & Order of 8/19/15 p. 3, ECF No. 43) As a result, the Court limited discovery to the Tornier arthroplasty line from 2010 forward and denied Plaintiff's motion to compel discovery related to non-Tornier products. (*Id.* at p. 4)

Plaintiffs responded to this Order by filing a Motion for Leave to File a Second Amended Complaint, seeking to add other lines of Tornier products and alleged unpaid commissions related to those other lines, as well as eliminate the Missouri Commissions Sales Act Violations count. (Pls.' Mot. for Leave Ex. 1, ECF No. 46-1) Plaintiffs specifically contend that they now have uncovered evidence not previously available, thus warranting amendment of their complaint. (Pls.' Mot. for Leave pp. 1-2, ECF No. 46) Defendant opposes the motion, arguing that the material sought by Plaintiffs were known to them before the inception of this action; Plaintiffs elected to challenge only the commissions related to the Tornier arthroplasty line in both the original Petition and the First Amended Complaint; and Defendant would suffer prejudice if Plaintiffs were allowed to filed a Second Amended Complaint more than a year after

2

they filed their First Amended Complaint and more than five months after the April 17, 2015 deadline for amending pleadings. (Def.'s Suggestions in Opp., ECF No. 48)

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *2 (D. Minn. Dec. 3, 2012) (citation omitted). However, "[w]here a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the [Federal Rule of Civil Procedure] 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." *Jo Ann Howard & Assoc., P.C. v. Cassity*, No. 4:09-CV-01252-ER, 2014 WL 6607077, at *4 (E.D. Mo. Nov. 19, 2014). "Good cause requires a change in circumstances, law, or newly discovered facts." *Id.* (citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Here, the Court finds that Plaintiffs are unable to demonstrate good cause such that amendment of the Complaint is not warranted. First, the Court finds that Plaintiffs' motion to file a Second Amended Complaint over 5 months past the deadline for amendment of pleadings and only 3 days before the close of discovery will cause undue delay. Plaintiffs' new complaint broadens the claims to different Tornier lines not previously pled in the First Amended Complaint and not within the scope of the protective order entered by this Court. This would require the Defendant to respond to new allegations and the parties to engage in new discovery after the discovery completion deadline. *Id.* (finding undue delay where plaintiff's new claims would require new discovery).

Plaintiffs have not cited new law in support of their motion but claim to have new facts not previously known stemming from the deposition of Defendant's corporate representative, James O'Day. Plaintiffs maintain that Mr. O'Day's testimony that the commission rates changed in 2010 is a key factual development not previously known to the Plaintiffs. (Pls.' Reply in Support Ex. 1, O'Day Dep. 170:12-173:24, ECF No. 50-1) Plaintiffs also contend that Mr. O'Day's deposition was the first time they learned that the commission rates paid on the arthroplasty line sales depended on the sales of the other product lines. (*Id.* at 51:15-52:24; Pls.' Ex. 2, O'Day Dep. 206:13-207:4, ECF No. 50-2)

Defendant, on the other hand, asserts that the alleged "new" facts were known by Plaintiffs prior to filing the First Amended Complaint, as Plaintiff Cramer admitted to possessing information regarding commission rates and payment of commissions in Plaintiffs' Supplemental Initial Disclosures dated December 3, 2014. (Def.'s Suggestions in Opp. Ex. 1 p. 2, ECF No. 48-1) This information was the 2010 Distributor Comp Plan Update which specified increased commission rates for Arthoplasty, Sports Medicine/Biologies, and Distal Extremities. (*Id.* at pp. 25-33) The update additionally indicated an increased percentage for the arthroplasty line where the quota with respect to two or more other product lines, or "buckets," was reached. (*Id.* at p. 28) Furthermore, the deposition of Mr. Cramer revealed that he knew about the changes in Tornier's commission rates in late 2012 or early 2013, prior to filing this lawsuit. (*Id.* at Ex. 2, Cramer Dep. 29:7-32:7, ECF No. 48-2)

Here, the Court finds that Plaintiffs' alleged new facts are insufficient to demonstrate good cause. While Plaintiffs argue that they had no knowledge of the 2010 changes in commission rates or those rates' dependence on sales of other Tornier product lines, or buckets, the evidence indicates that Mr. Cramer, one of the Plaintiff sales representatives, knew about

these changes prior to filing suit. Furthermore, Mr. O'Day's deposition reveals that he previously relayed the changes to the sales representatives. (Def.'s Ex. 1 178:14-181:19, ECF No. 50-1) The new facts added to the proposed Second Amended Complaint are facts that Plaintiffs either knew or should have known at the time of filing the initial state court Petition and the First Amended Complaint. Therefore, the Court will deny the motion to amend. *B.A.G. ex rel. Greer v. Morris*, No. 4:12CV01617 AGF, 2014 WL 2804400, at *3 (E.D. Mo. June 20, 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 46) is **DENIED.**

Dated this 20th day of October, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**