UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MILES LEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14CV1222 RLW |
| ) | |
| ARCHWAY MEDICAL, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Deposition Testimony and Production of Documents (ECF No. 80). The motion is fully briefed and ready for disposition. Upon consideration of the motion and related memoranda, the Court will grant Plaintiffs' motion to compel.

This case stems from Defendant's alleged failure to pay commissions to Plaintiffs on the sales of Tornier arthroplasty products. Plaintiffs now seek documents and deposition testimony related to the previous resolution of unpaid commissions with another independent contractor sales consultant. Specifically, Plaintiffs seek information regarding Defendant's settlement agreement with Sara Beachler, a prior sales consultant, for unpaid commissions on Tornier arthroplasty products between 2010 and 2013. Plaintiffs request documents pertaining to this settlement, as well as communications between Jim O'Day, President of Defendant Archway Medical, Inc., and Ms. Beachler. Plaintiffs also seek follow-up deposition testimony regarding settlement from Mr. O'Day. Defendant maintains that the evidence Plaintiffs request in the motion to compel is inadmissible and therefore not discoverable.

The amended Federal Rule of Civil Procedure 26(b)(1), effective December 1, 2015, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(1) also states, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Under the former Rule 26(b)(1), "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Both versions of Rule 26(b)(1) do not require the discovery sought to be admissible at trial, merely relevant to any party's claim or defense. Here, Plaintiffs claim that information pertaining to the settlement agreement between Defendant and Ms. Beachler is relevant to their claims that Defendant willfully refused to pay commissions and acted in bad faith. The Court agrees that this information is relevant to Plaintiffs' claims.

In response, however, Defendant contends that Plaintiffs must meet a heightened standard to show the admissibility of the confidential settlement agreement. In support, Defendant relies on *Auto-Owners Ins. Co. v. Mid-America Piping, Inc.*, No. 4:07CV00394, 2008 WL 2570820, at *2 (E.D. Mo. June 26, 2008). In that case, Defendants had already disclosed all terms of the agreement other than the specific amount of the settlement. *Id.* The court noted that when the requested discovery pertained to a confidential settlement agreement, some courts required the party seeking discovery to meet a heightened standard in deference to Federal Rule of Evidence 408 and the public policy encouraging settlements and upholding confidentiality provisions. *Id.* (citations and internal quotation omitted). The court then applied the relevance standard under Rule 26(b) to determine that, in light of the redacted agreement, the disclosure of the amount would not lead to the discovery of admissible evidence. *Id.*; *see also Argonaut Great*

*Cent. Ins. Co. v. Audrain Cty. Joint Commc'ns*, No. 2:11CV00034 AGF, 2013 WL 28246, at *2 (E.D. Mo. Jan. 2, 2013) (noting the *Auto-Owners* court :employed the normal standard of relevance under Rule 26(b) in granting a motion to quash production of the settlement amounts for which settling defendants settled the claims against them"). In *Argonaut*, the court found the settlement agreement to be relevant to the case but entered a protective order to address confidentiality concerns. 2013 WL 28246, at *2.

Here, Defendant does not assert that the information sought is not relevant or is otherwise privileged. Defendant's sole argument is that the requested discovery is inadmissible. Rule 26(b) explicitly states that information need not be admissible in evidence to be discoverable. Further, while Defendant has attached a redacted settlement agreement, the redaction has essentially eliminated the entire agreement. Although Defendant contends that courts in this district require Plaintiffs to meet a heightened standard of admissibility in deference to Federal Rule of Evidence 408 and the confidentiality of settlement agreements, Defendant points to no case in this district where such standard was actually applied. Therefore, the Court finds that the settlement agreement between Defendant and Sarah Beachler, along with related communications and deposition testimony, is relevant to this case, within the scope of discovery, and thus discoverable. The Court grants Plaintiffs' Motion to Compel and notes the protective order currently in place, which allows Defendant to protect the confidential nature of the agreement and related information.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (ECF No. 80) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant shall produce documents relating to Defendant's settlement with Sarah Beachler for unpaid commissions on Tornier arthroplasty products between 2010 and 2013 and provide deposition testimony pertaining to this settlement.

Dated this 9th day of December, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**